UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED SADAT TRANSPORTATION AND )
LOGISTICS COMPANY LTD, )
 )
      Plaintiff, )
 )
v. ) No. 3:17-cv-134-TRM-CCS
 )
ERIC WAYNE BARTON, and VANQUISH )
WORLDWIDE, LLC, )
 )
      Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Defendants' Motion to Strike [Doc. 9]. The Plaintiff has filed a Response [Doc. 11] in opposition to the Motion. The Motion is now ripe for adjudication. Accordingly, for the reasons explained below, the Court **DENIES** the Defendants' Motion to Strike [**Doc. 9**].

### I. POSITIONS OF THE PARTIES

The Defendants' Motion [Doc. 9] requests that paragraphs 3 through 5 and 14 through 29 of the Complaint be stricken pursuant to Federal Rules of Procedure 8 and 12(f). For grounds, the Motion states that the allegations therein are immaterial, impertinent or scandalous and that the Complaint is not a short and plain statement of the claim showing that the pleader is entitled to relief. The Defendants assert that the paragraphs of the Complaint are immaterial to the Plaintiff's claim of default under the promissory note and that the Plaintiff's reference to fraud has been nullified by the parties' previous settlement agreement. The Defendants argue that the Plaintiff

references such allegations to scandalize the Defendants. The Defendants continue that paragraphs 3 through 5 as well as paragraphs 14 through 29 of the Complaint detail a long and arduous factual and legal history between the parties, all of which were resolved by a global settlement agreement. The Defendants contend that the settlement agreement completely nullified the fraud claims against them. The Defendants assert that the Plaintiff is attempting to paint the Defendants in a scandalous matter over reasons that no longer exist because of the settlement agreement.

The Plaintiff responds [Doc. 11] that the background information and procedural history described in the Complaint are neither impertinent nor immaterial. Further, the Plaintiff asserts that the Defendants have not shown that the challenged allegations are scandalous. In addition, the Plaintiff contends that the Defendants have not shown significant, or any, prejudice.

## II.     ANALYSIS

The Court has considered the parties' positions, and the Court finds the Defendants' Motion not well-taken.

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are viewed with disfavor and are not frequently granted. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). The purpose of the motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Motions to strike should only be granted when "the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *E.E.O.C. v. FPM Grp., Ltd.*,

657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at p. 650 (2nd ed. 1990)). "Striking a pleading is considered 'a drastic remedy to be resorted to only when required for the purposes of justice' and it 'should be sparingly used by the courts.'" *Id.* (quoting *Brown & Williamson Tobacco Corp,* 201 F.2d at 822).

With the above guidance in mind, the Court turns to the paragraphs at issue in the instant matter. Specifically, the Defendants have moved to strike paragraphs 3 through 5 and 14 through 29. The Court has reviewed these paragraphs and finds that the allegations therein do not rise to the level of being immaterial, impertinent, or scandalous. Instead, the paragraphs explain the alleged history of the parties and merely provide context for the present dispute. *See Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1059 (W.D. Tenn. 2011) (explaining that "[w]here the challenged allegations 'might serve to achieve a better understanding of the ... claim for relief or perform some other useful purpose in promoting the just and efficient disposition of litigation,' a motion to strike should be denied") (quoting *Sherrills v. Beison,* No. 1:05–CV–310, 2005 WL 1711132, at *1 (W.D. Mich. July 21, 2005)). Further, the Defendants have not established that the above paragraphs have caused, or will cause, them any prejudice. The Court finds the Complaint in this case is consistent with Federal Rule of Civil Procedure 8, which requires pleadings to contain short and plain statements. *See* Fed. R. Civ. P. 8(a) and (b). Accordingly, the Court finds the Defendants' Motion to Strike not well-taken.

3

Case 3:17-cv-00134-TRM-DCP   Document 12   Filed 07/18/17   Page 3 of 4   PageID #: 158

### III. CONCLUSION

Accordingly, and for the reasons explained above, the Defendants' Motion to Strike [**Doc. 9**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

        s/ C. Clifford Shirley, Jr.
United States Magistrate Judge