UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED SADAT TRANSPORTATION AND LOGISTICS COMPANY LTD, | ) ) ) | Case No. 3:17-cv-134 |
|---|---|---|
| *Plaintiff*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Debra C. Poplin |
| ERIC WAYNE BARTON and VANQUISH WORLDWIDE, LLC, | ) ) ) ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff United Sadat Transportation and Logistics Company LTD's motion for summary judgment (Doc. 29). For the following reasons, Plaintiff's motion will be **GRANTED**.

**I.   BACKGROUND**

In April 2016, Plaintiff and Defendants Eric Wayne Barton ("Barton") and Vanquish Worldwide, LLC ("Vanquish")[1] entered into a settlement agreement that resolved a separate dispute between the parties (the "Settlement Agreement"). (Doc. 32-1, at 1.) At the time the Settlement Agreement was reached, Barton was also a party to a divorce proceeding in Blount County, Tennessee, between Barton and his former spouse ( the "Divorce Proceeding"). (*Id.* at 2.) Under the terms of the Settlement Agreement, Vanquish agreed to pay Plaintiff $7,000,000 in exchange for dismissal of the lawsuit. (*Id.* at 6.) Of that amount, $1,800,000 was to be paid to Plaintiff immediately. (*Id.*) The remaining $5,200,000 was to be paid in installments of various

---
[1] Vanquish is owned by Barton. (*See* Doc. 32-1, at 4.)

amounts over the next three years. (*Id.* at 6–8.) As security for the remaining amount, Vanquish and Barton, respectively, executed a Promissory Note and Guaranty Agreement along with the Settlement Agreement. (*Id.*)

Both the Promissory Note and Guaranty Agreement provided for "Events of Default," whereby Plaintiff, at its option, could accelerate the amount owed by Vanquish. (Doc. 31, at 2–3, 7.) In addition to acceleration, upon an Event of Default, the Promissory Note allows Plaintiff to collect interest in the amount of 7.5% per annum, to take action to enforce and collect on the outstanding obligation, and to recover reasonable costs, including attorneys' fees. (*Id.* at 3.) Both the Promissory Note and Guaranty Agreement include the following as an Event of Default:

> [I]f a judgment for in excess of $2,000,000 be entered in court against [Barton] or any lien superior in priority to the liens held by [Plaintiff] on the assets of [Barton] be recorded or filed against any property securing the Note or this Guaranty and not paid, appealed, vacated, satisfied, withdrawn, stricken, or bonded within 60 days . . . .

(*Id.* at 2–3, 7.)

In September 2016, the Chancery Court for Blount, County, Tennessee (the "Chancery Court") held a three-day trial in the Divorce Proceeding. (Doc. 31, at 15.) On November 16, 2016, the Chancery Court issued a memorandum and order (the "Memorandum and Order"). (*Id.* at 18–41.) In the Memorandum and Order, the Chancery Court awarded Barton's former spouse the divorce and approved the parties' proposed parenting plan. (*Id.* at 30.) In addition, the Chancery Court allocated 55% of the $18,812,376.00 marital estate to Barton's former spouse ($10,346,806.80)[2] and 45% to Barton ($8,465,569.20). (*Id.* at 21, 32.) The Court also

---

[2] Plaintiff contends that Barton's former spouse was awarded $3,052,236.60 (Doc. 30, at 4), but this figure appears to represent the value of specific items of marital property Barton's former spouse would be awarded (*see* Doc. 31, at 31–32). The alimony-in-solido payment represents

2

awarded Barton's former spouse $7,294,570.30 as alimony in solido "in order to adjust the distribution of the estate" to be paid in monthly installments over a period of ten years. (*Id.* at 30.) Finally, the Court awarded Barton's former spouse $43,571.57 in attorneys' fees. (*Id.*) Defendants do not dispute that the Memorandum and Order was not appealed within sixty days, but, instead, argue that the Memorandum and Order was not an appealable judgment. (*See* Doc. 32; Doc. 32-1, at 3.) Barton also avers that he has timely made all alimony-in-solido payments as provided by the Memorandum and Order. (Doc. 32-1, at 2.)

Plaintiff filed the instant suit on April 7, 2017, alleging that the Memorandum and Order constitutes an Event of Default under the Promissory Note and Guaranty Agreement and seeking to accelerate the amount owed by Vanquish. (Doc. 1.) On February 5, 2018, Plaintiff filed a motion for summary judgment, seeking judgment on the Promissory Note and Guaranty Agreement in the amount outstanding, as well as interest at a rate of 7.5% per annum, attorneys' fees, and costs of collection and enforcement, as provided by the Promissory Note. (Doc. 29.) As of the date of Plaintiff's motion, neither party disputes that Vanquish had made installment payments in accordance with the terms of the Promissory Note and that the amount outstanding is $2,790,000. (*See* Doc. 30, at 3; Doc. 32, at 4.) Plaintiff's motion is now ripe for the Court's review.

## II.  STANDARD OF LAW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co.,*

---

the difference between this amount and the amount of the estate allocated to Barton's former spouse. (*Id.*)

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

**III. ANALYSIS**

Plaintiff argues that there is no genuine issue of material fact that the Memorandum and Order constitutes an Event of Default under the Promissory Note and the Guaranty Agreement. (Doc. 30.) Defendants respond that: (1) the Memorandum and Order was not a "judgment" as provided by the Promissory Note and the Guaranty Agreement because it was not an appealable,

4

final order; and (2) even if it were considered a judgment, Defendants have not committed a material default of the Promissory Note and Guaranty Agreement. (Doc. 32.)

### a. *"Judgment"*

Under Tennessee law, "[i]n 'resolving disputes concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language.'" *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889–90 (Tenn. 2002) (quoting *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). "If a contract is plain and unambiguous, the meaning thereof is a question of law, and it is the Court's function to interpret the contract as written according to its plain terms." *Bratton v. Bratton*, 136 S.W.3d 595, 601 (Tenn. 2004). "A contract is not ambiguous merely because the parties have different interpretations . . . ." *Clear Channel Outdoor, Inc. v. A Quality, Inc.*, 250 S.W.3d 860, 863 (Tenn. Ct. App. 2007). Moreover, "[c]ourts cannot make contracts for parties but can only enforce the contract that the parties themselves have made." *Id.* at 863–84 (citing *McKee v. Cont'l Ins. Co.*, 234 S.W.2d 830, 831 (Tenn. 1950)).

Here, the Event-of-Default provisions of the Promissory Note and Guaranty Agreement are plain and unambiguous. They provide that an Event of Default occurs "if a judgment for in excess of $2,000,000 [is] entered in court against [Barton] . . . and [is] not paid, appealed, vacated, satisfied, withdrawn, stricken, or bonded within 60 days . . . ." (Doc. 31, at 2–3, 7.) The provisions specifically refer to "a judgment," not "a *final* judgment."[3] (*See id.*) Moreover, a divorce decree such as the Memorandum and Order is treated as a "judgment" under Tennessee law. *See* Tenn. R. Civ. P. 54.01 advisory commission comment ("The definition of 'Judgment'

---

[3] Defendants even refer to the Memorandum and Order as a "judgment" in their answer. (*See, e.g.*, Doc. 14, at 1 ("It is denied that a default has occurred under the note as . . . the judgment is not final and is still appealable.").)

5

includes and makes no distinction between 'Judgment,' 'Order' or 'Decree.'"); 19 Tenn. Prac. Tenn. Divorce, Alimony & Child Custody § 12.13 (2d ed. 2015) ("In divorce cases, judgment and decree are used interchangeably.").

Defendants argue that other language in the Event-of-Default provisions requires that a "judgment" be final to constitute an Event of Default. (Doc. 32, at 9–12.) Specifically Defendants highlight the language providing for an Event of Default "if a **judgment** for in excess of $2,000,000 [is] entered in court against [Barton] . . . and [is] not paid, **appealed**, vacated, satisfied, withdrawn, stricken, or bonded within 60 days . . . ." (Doc. 31, at 2–3, 7 (emphasis added).) According to Defendants, because one way to avoid an Event of Default is to "appeal[ ]" the "judgment," "judgment" must be interpreted to mean a final, appealable judgment to give effect to the term "appealed." (Doc. 32, at 9–12.)

But Defendant's argument fails in light of the other options Barton had under the Promissory Note and Guaranty Agreement to avoid an Event of Default. Under Tennessee canons of interpretation, where "[t]he disjunctive 'or'. . . separates words or phrases in an alternate relationship, [it indicates] that either of the separated words or phrases may be employed without the other." *McCaig v. Whitmore*, No.W2015-00646-COA-R3-CV, 2016 WL 693154, at *4 (Tenn. Ct. App. Feb. 22, 2016) (quoting *Pryor Oldsmobile/GMC Co. v. Tenn. Motor Vehicle Comm'n*, 803 S.W.2d 227, 230 (Tenn Ct. App. 1990)). Under the Promissory Note and Guaranty Agreement, the judgment could have also been "paid," "vacated," "satisfied," "withdrawn," "stricken," *or* "bonded" within sixty days. But these participles are no less applicable to non-final judgments than they are to final judgments under ordinary procedural rules. And even a non-final judgment can be appealed. *See* Tenn. R. App. P. 9 (providing for interlocutory appeals by permission from the trial court).

6

Next, Defendants argue that the Memorandum and Order should be considered "paid" because Barton has made all alimony-payment installments within sixty days of when they became due. (Doc. 32, at 19.) "Courts cannot make contracts for parties but can only enforce the contract that the parties themselves have made." *Clear Channel*, 250 S.W.3d at 863–64. The Event-of-Default provisions contemplate that Barton may avoid default if the "*judgment*"—not an installment or a portion of the judgment—is "paid . . . within 60 days . . . ." (Doc. 31, at 2–3, 7.) As such, Defendants' argument fails.

The Memorandum and Order, therefore, constitutes a "judgment" pursuant to the terms of the Promissory Note and Guaranty Agreement. Further, the $7,294,570.30 alimony-in-solido award the Chancery Court entered against Barton is clearly "in excess of $2,000,000." (*Id.* at 30.) Finally, the Memorandum and Order was not "paid, appealed, vacated, satisfied, withdrawn, stricken, or bonded within 60 days . . . ." (*Id.* at 2–3, 7.) Accordingly, the Memorandum and Order constitutes an Event of Default.[4]

### b. *Material Default*

Next, Defendants argue that the entry of the Memorandum and Order against Barton was not a "material default" of the Promissory Note and Guaranty Agreement, because Defendants have timely made all payments under those agreements and "[t]here is no evidence that the division of the marital estate in the divorce proceedings has any affect upon the payments of the

---

[4] Plaintiff also argues that the Memorandum and Order is in fact a final judgment. (Doc. 30, at 11–19.) Defendants represent that this issue has been raised in the Chancery Court and that the Chancery Court "will soon schedule a final hearing to determine the finality of its own order." (Doc. 32, at 20.) Because the resolution of that issue is not necessary here and in the interest of avoiding an advisory opinion, the Court will refrain from deciding that issue. *See Herb v. Pitcairn*, 324 U.S. 117, 126 (1945). Additionally, avoiding the issue of finality moots Defendants' request to stay the case pursuant to the abstention doctrine articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

Settlement Funds by Vanquish." (Doc. 32, at 17–20.) According to Defendants, "for a breach of contract to be actionable, a plaintiff must establish a material breach." (*Id.* at 18.)

Defendants misconstrue the nature of this proceeding. Plaintiff does not assert that Defendants committed a breach of the Promissory Note and Guaranty Agreement. Instead, Plaintiff seeks a judgment that, under the terms of the Promissory Note and Guaranty Agreement, it may accelerate the obligations owed by Vanquish. As noted, the Court is obligated to enforce the contract that the parties made. *Clear Channel*, 250 S.W.3d at 863–64. The bargained-for provisions of the Promissory Note and Guaranty Agreement allow Plaintiff to accelerate the outstanding amount when a judgment in excess of $2,000,000 is entered against Barton, and the Court will enforce those provisions. Accordingly, Plaintiff is entitled to summary judgment that the Memorandum and Order constituted an Event of Default under the terms of the Promissory Note and Guaranty Agreement. Plaintiff is also entitled to interest, attorneys' fees, and costs of collection and enforcement, as provided by the Promissory Note.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Doc. 29) is **GRANTED**. It is further **ORDERED** that Plaintiff is entitled to: 1) accelerate the amount owed by Vanquish under the Promissory Note; 2) interest at the rate of 7.5% per annum on the amount outstanding; 3) reasonable costs of collection or enforcement; and 4) reasonable attorneys' fees. Plaintiff shall **SUBMIT** an application to the Court for its attorneys' fees and expenses within **fourteen days** of the date of this Order. Plaintiff's application for attorneys' fees will be **REFERRED** to United States Magistrate Judge Debra C. Poplin to conduct such evidentiary hearings and enter such dispositions as she deems appropriate pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

**AN APPROPRIATE JUDGMENT WILL FOLLOW.**

                                                     */s/ Travis R. McDonough*
                                                     **TRAVIS R. MCDONOUGH**
                                                     **UNITED STATES DISTRICT JUDGE**